No. 18-11693-EE

In the
# United States Court of Appeals
## for the Eleventh Circuit

---

JONATHAN TYLER PRIVE,

*Movant-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NOS. 6:14-CR-33-ORL-28KRS & 6:17-CV-1498-ORL-28KRS

---

## BRIEF OF THE UNITED STATES

---

MARIA CHAPA LOPEZ
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

ROBERTA JOSEPHINA BODNAR
Assistant United States Attorney
Appellate Division
Florida Bar No. 986909
35 S.E. 1st Ave., Ste. 3200
Ocala, FL 34471
(352) 547-3600

November 27, 2018

*Prive v. United States*
No. 18-11693-EE

# Certificate of Interested Persons
# and Corporate Disclosure Statement

In addition to the persons identified in the certificate of interested persons and corporate disclosure statement in Jonathan Prive's principal brief, the following persons have an interest in the outcome of this case:

1.    Bentley, A. Lee, III, former United States Attorney;

2.    Broderson, Daniel N., Esq.;

3.    Lopez, Maria Chapa, United States Attorney;

4.    Megaro, Patrick M., Esq.;

5.    Minor victim whose identity is protected;

6.    Muldrow, W. Stephen, former Acting United States Attorney;

7.    Rodriguez, Jose, Esq.;

8.    Searle, Andrew S., former Assistant United States Attorney; and

9.    Spaulding, Hon. Karla R., United States Magistrate Judge.

No publicly traded company or corporation has an interest in the outcome of this appeal.

## Statement Regarding Oral Argument

The United States does not request oral argument.

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement..........C-1

Statement Regarding Oral Argument ..............................................................i

Table of Contents ........................................................................................ ii

Table of Citations ....................................................................................... iv

Statement of Jurisdiction ......................................................................... viii

Statement of the Issues ................................................................................ 1

Statement of the Case .................................................................................. 1

    *Course of Proceedings* ............................................................................ 2

    *Statement of the Facts* ............................................................................ 6

    *Standard of Review* ................................................................................. 6

Summary of the Argument .......................................................................... 7

Argument and Citations of Authority ......................................................... 8

    I.    This Court lacks jurisdiction to consider Prive's challenges
        to the district court's dismissal of his section 2255 motion on
        procedural grounds because neither the district court nor this
        Court has granted Prive a certificate of appealability ................... 8

    II.   The district court lacked jurisdiction to entertain Prive's
        motion for recusal because Prive lacked standing at the time
        he filed it, and this Court should dismiss Prive's untimely
        appeal from the district court's denial of the motion................... 13

Conclusion.................................................................................................. 19

Certificate of Service

# Table of Citations

## Cases

*Albra v. Advan, Inc.*,
490 F.3d 826 (11th Cir. 2007)...................................................... 12

*Anders v. California*,
386 U.S. 738 (1967) ..................................................................... 2

*Betty K Agencies, Ltd. v. M/V MONADA*,
432 F.3d 1333 (11th Cir. 2005)................................................... 12

*Christo v. Padgett*,
223 F.3d 1324 (11th Cir. 2000)................................................... 16

*Class v. U.S. Bank Nat'l Ass'n*,
734 F. App'x 634 (11th Cir. 2018) .............................................. 12

*Davis v. Federal Election Comm'n*,
554 U.S. 724 (2008) ................................................................... 14

*Edwards v. United States*,
114 F.3d 1083 (11th Cir. 1997)............................................... 9, 12

*Haines v. Kerner*,
404 U.S. 519 (1972) ................................................................... 12

*Hamilton v. Sec'y, Fla. Dep't of Corr.*,
793 F.3d 1261 (11th Cir. 2015)............................................10, 12

*Hubbard v. Campbell*,
379 F.3d 1245 (11th Cir. 2004)...................................... 10, 11, 15

*\*Jackson v. United States*,
875 F.3d 1089 (11th Cir. 2017)......................................... 7, 10, 11

*Kaufmann v. United States*,
282 F.3d 1336 (11th Cir. 2002)..................................................... 2

*Liteky v. United States*,
510 U.S. 540 (1994) ................................................................... 17

iv

*Loren v. Sasser*,
  309 F.3d 1296 (11th Cir. 2002) ................................................................. 12

*\*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ................................................................. ix, 13–15

*Martinez v. United States*,
  865 F.3d 842 (6th Cir. 2017) ............................................................. 11, 12

*McFarlin v. Conseco Servs., LLC*,
  381 F.3d 1251 (11th Cir. 2004) ............................................................. 16

*Miller-El v. Cockrell*,
  537 U.S. 322 (2003) ................................................................. 9

*Murray v. United States*,
  145 F.3d 1249 (11th Cir. 1998) ................................................................. 7

*Pagan v. United States*,
  353 F.3d 1343 (11th Cir. 2003) ............................................................. 10, 11

*Samco Global Arms, Inc., v. Arita*,
  395 F.3d 1212 (11th Cir. 2005) ............................................................. 5, 9

*Scott v. United States*,
  890 F.3d 1239 (11th Cir. 2018) ................................................................. 15

*Slack v. McDaniel*,
  529 U.S. 473 (2000) ................................................................. 7, 10, 12

*United States v. Amedeo*,
  487 F.3d 823 (11th Cir. 2007) ................................................................. 17

*United States v. Day*,
  215 F. App'x 975 (11th Cir. 2007) ......................................................... ix, 14

*\*United States v. Elso*,
  571 F.3d 1163 (11th Cir. 2009) ......................................................... ix, 14, 15

*United States v. Lopez*,
  562 F.3d 1309 (11th Cir. 2009) ......................................................... xi, 6, 15

*United States v. Patterson*,
   292 F. App'x 835 (11th Cir. 2008) ............................................................ 14

*United States v. Patti*,
   337 F.3d 1317 (11th Cir. 2003) ................................................................. 16

*United States v. Prive*,
   653 F. App'x 896 (11th Cir. 2016) .............................................................. 2

*United States v. Prive,*
   No. 6:14-cr-33-Orl-28KRS,
   2015 WL 12966285 (M.D. Fla. Apr. 27, 2015) ............................................ 2

*United States v. Vicaria*,
   963 F.2d 1412 (11th Cir. 1992) .......................................................... ix, x

*United States v. Ward*,
   696 F.2d 1315 (11th Cir. 1983) ................................................................. x

*Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*,
   454 U.S. 464 (1982) .................................................................................. 13

*Wilson v. United States*,
   No. 17-14544-B, 2018 WL 1740828 (11th Cir. Jan. 5, 2018) ................. ix, 14

## Statutes

18 U.S.C. § 2422(b) ....................................................................................... 2

28 U.S.C. § 144 ......................................................................................... 3, 16

28 U.S.C. § 455 .............................................................................................. 16

28 U.S.C. § 1291 .................................................................................. 5, 10, 15

28 U.S.C. § 1331 ......................................................................................... viii

28 U.S.C. § 2253(c) ........................................................................................ 9

28 U.S.C. § 2253(c)(1) ................................................................................. viii

28 U.S.C. § 2253(c)(2) ............................................................................... 9, 18

28 U.S.C. § 2253(c)(3) .................................................................................... 7

28 U.S.C. § 2255 ................................................................. *passim*

28 U.S.C. § 2255(f)(1) ............................................................ 2

28 U.S.C. § 2255(h)(2) .......................................................... 10

**Rules**

Fed. R. App. P. 4(a) ............................................................ viii

Fed. R. App. P. 4(b)(1)(A)(i).............................................ix, x, 15

Fed. R. App. P. 4(b)(4) .......................................................... x

M.D. Fla. R. 3.01(a) ............................................................ 12

## Statement of Jurisdiction

This is an appeal from a final order and judgment of the United States District Court for the Middle District of Florida dismissing Jonathan Tyler Prive's 28 U.S.C. § 2255 motion without prejudice. Docs. 15, 16.[1] That court had jurisdiction. *See* 28 U.S.C. § 1331. The court entered its judgment on January 4, 2018. Doc. 16.

Prive then filed a petition for mandamus in this Court, which he signed and dated January 21, 2018. *See* Appeal No. 18-10386-F. This Court denied the petition but directed the district court to docket it instead as a notice of appeal in Prive's section 2255 case. *See* April 17, 2018, order in Appeal No. 18-10386-F. Although the construed notice is timely to appeal from the court's order dismissing Prive's section 2255 motion, *see* Fed. R. App. P. 4(a), as set forth in the Argument below, this Court lacks jurisdiction to entertain this appeal because neither the district court nor this Court has granted Prive a certificate of appealability to proceed with that appeal, *see* 28 U.S.C. §§ 2253(c)(1) and 2255.

As explained more fully below, before filing his section 2255 motion,

---

[1] Filings in the underlying criminal case, No. 6:14-cr-33-Orl-28KRS, are cited as "Cr. Doc. [document number]." Filings in the 28 U.S.C. § 2255 proceeding are cited as "Doc. [document number]."

viii

Prive also had filed a motion in his criminal case for recusal of the United States District Judge who had presided over that case, stating that he planned to file a section 2255 motion. Cr. Doc. 127. Prive lacked standing to file the motion, however, because he had not yet filed a section 2255 motion. *See United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009) (prisoner lacks standing to move to recuse district judge when there are no pending proceedings before the court); *Wilson v. United States*, No. 17-14544-B, 2018 WL 1740828, at *1 (11th Cir. Jan. 5, 2018) (same; unpublished); *United States v. Day*, 215 F. App'x 975, 976 (11th Cir. 2007) (same). Because Prive lacked standing at the time he filed the motion, *see Elso*, 571 F.3d at 1166, the district court lacked jurisdiction to consider it, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 n.4 (1992).

The district court denied the motion for recusal on procedural grounds on August 24, 2017, Cr. Doc. 130, which was after Prive had filed his section 2255 case. Prive timely moved for reconsideration on August 31, 2017. Cr. Doc. 132. *See* Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992). The district court granted reconsideration and denied Prive's recusal motion on substantive grounds on September 26, 2017. Cr. Doc. 133. On October 14, 2017, Prive again moved for reconsideration, Cr. Doc. 134, but that motion was untimely, *see* Fed. R. App. P. 4(b)(1)(A)(i);

ix

*Vicaria*, 963 F.2d at 1414. The district court denied the motion for reconsideration on December 4, 2017, Cr. Doc. 136.

As mentioned above, in denying Prive's petition for mandamus, this Court directed that it be treated as a notice of appeal of the denial of the motion for recusal and docketed in the criminal case. *See* April 17, 2018, order in Appeal No. 18-10386-F. But the construed notice, dated by Prive January 21, 2018, was not timely to appeal from the district court's September 26, 2017, denial of the motion for recusal on substantive grounds, Cr. Doc. 133. *See* Fed. R. App. P. 4(b)(1)(A)(i). And, although Prive moved for reconsideration of that order on October 14, 2017, Cr. Doc. 134, Prive filed his motion for reconsideration too late to toll the time for filing an appeal, *see* Fed. R. App. P. 4(b)(1)(A)(i); *Vicaria*, 963 F.2d at 1414. Likewise, the January 21, 2018, construed notice was not timely to appeal from the district court's December 4, 2017, denial of reconsideration, Cr. Doc. 136, either. *See* Fed. R. App. P. 4(b)(1)(A)(i).

And because the construed notice exceeds the time for filing a notice of appeal from either order by more than 30 days, no remand for excusable neglect is appropriate. *See* Fed. R. App. P. 4(b)(4); *United States v. Ward*, 696 F.2d 1315, 1317 (11th Cir. 1983). The United States, therefore, objects to the

late filing and requests that this Court dismiss that aspect of this appeal. *See*

*United States v. Lopez*, 562 F.3d 1309, 1311–14 (11th Cir. 2009).

## Statement of the Issues

I.   Whether this Court lacks jurisdiction to consider Prive's challenges to the district court's dismissal of his section 2255 motion on procedural grounds when neither the district court nor this Court has granted Prive a certificate of appealability.

II.  Whether the district court lacked jurisdiction to entertain Prive's motion for recusal when Prive lacked standing at the time he filed it, and whether this Court should dismiss Prive's untimely appeal from the district court's denial of the motion.

## Statement of the Case

After this Court had affirmed his conviction and sentence for attempted sexual enticement of a minor, Prive filed a motion in his criminal case to recuse the United States District Judge, arguing that the judge's rulings in the case had been biased and stating that he intended to file a 28 U.S.C. § 2255 motion. Prive later filed an 86-page section 2255 motion and a 22-page supporting memorandum. Although neither the district court nor this Court has granted Prive a certificate of appealability, Prive now challenges the district court's denial of his recusal motion in the criminal case and the court's subsequent dismissal of his section 2255 motion without prejudice for failure to comply with local procedural rules.

1

## *Course of Proceedings*

In 2014, Prive pleaded guilty with a plea agreement to attempted sexual enticement of a minor, in violation of 18 U.S.C. § 2422(b). Cr. Docs. 27, 28. On April 27, 2015, the district court sentenced Prive to serve 365 months' imprisonment. Cr. Doc. 98; *see also United States v. Prive*, No. 6:14-cr-33-Orl-28KRS, 2015 WL 12966285, at *1–8 (M.D. Fla. Apr. 27, 2015) (unpublished memorandum order regarding sentencing factors).

Prive appealed, and his counsel moved to withdraw from further representation and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Prive*, 653 F. App'x 896 (11th Cir. 2016). This Court affirmed Prive's conviction and sentence on May 24, 2016. *Id.*

On July 29, 2017, shortly before his August 22, 2017, deadline for filing a motion to vacate under 28 U.S.C. § 2255, *see* 28 U.S.C. § 2255(f)(1); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002), Prive filed a motion in his criminal case to recuse the United States District Judge who had presided over his criminal proceedings, stating that he intended to file a section 2255 motion. *See* Doc. 127.

On August 10, 2017, Prive filed an 85-page 28 U.S.C. § 2255 motion, Doc. 1, accompanied by a 22-page memorandum, Doc. 2.

On August 24, 2017, the district court ruled on Prive's motion to recuse

2

in the criminal case, finding that Prive had failed to comply with the procedural requirements of 28 U.S.C. § 144 because he not filed an affidavit and a certificate of counsel of record stating that the motion was made in good faith. Cr. Doc. 130.

On August 31, 2017, Prive filed a document in the criminal case titled "Appeal from Order Denying Defendant's Motion for Disqualification of Judge for Plain Error," in which he argued that he had filed a certificate of good faith as the final page of his motion to recuse and requested "that the Court vacate its previous order" denying his motion and, instead, grant the motion. Cr. Doc. 132. On September 26, 2017, the district court construed Prive's filing as a motion for reconsideration and found that, under the circumstances, Prive's statements concerning good faith were sufficient to satisfy the procedural requirements of section 144. Cr. Doc. 133. The court ruled, however, that Prive's substantive grounds for recusal were not extrajudicial, but were instead based on the court's comments, factual findings, and rulings resulting from the evidence presented at sentencing. Cr. Doc. 133. As a result, the court denied the motion to recuse. Cr. Doc. 133. Prive moved for reconsideration of that order on October 20, 2017, Cr. Doc. 134, and the district court denied his motion for reconsideration on December 4, 2017, Cr. Doc. 136.

In the meantime, on September 27, 2017, the district court had stricken Prive's section 2255 filing, finding that it "greatly exceed[ed] twenty-five pages in length and violate[d] Local Rule 3.01(a)" and directing Prive to file, within 14 days, an amended motion that did not exceed 25 pages in length and used the court's form. Doc. 5. The court explained that Prive needed to set forth a brief and concise description of each claim with supporting facts and that, if Prive wanted to present argument, cite law, or submit a brief in support of his claims, he could do so by filing a separate memorandum of law that also did not exceed 25 pages in length. Doc. 5.

Prive moved for an extension of time, arguing that he had insufficient time and writing materials to comply with the order. Doc. 6. The court granted Prive's motion, giving him until November 10, 2017, to file an amended motion. Doc. 7.

Prive then filed a document captioned "Motion to Vacate Order and Permit Filing," requesting that the court reinstate his 85-page motion, arguing that he had 19 separate grounds for section 2255 relief and contending that he could not state them in a filing of 25 pages. Doc. 8. The district court denied Prive's motion. Doc. 9.

Then, in a document entitled "Petition for Rehearing," Prive again requested that the district court reconsider its order requiring him to comply

with the local rules. Doc. 10. The district court denied the motion, noting that it previously had granted Prive an extension of time and permitting Prive until December 27, 2017, to comply with its order. Doc. 14.

Prive did not file an amended motion. The court entered an order dismissing the case in January 3, 2018, and entered judgment on January 4, 2018. Docs. 15, 16.

On January 29, 2018, Prive filed a petition for mandamus in this Court, citing both the criminal and civil case numbers. Doc. 17; *see also* Appeal No. 18-10386-F. Concluding that Prive was seeking review of the district court's orders in his section 2255 proceeding, this Court denied the petition for mandamus and construed it as a notice of appeal, directing the district court to docket it as a "Notice of Appeal from the January 3, 2017 order dismissing Prive's § 2255 case … and from the August 24, [2]017 order denying Prive's 'Motion to Disqualify Judge'" in the criminal case. *See* April 17, 2018, order in Appeal No. 18-10386-F. Citing 28 U.S.C. § 1291 and *Samco Global Arms, Inc., v. Arita*, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005), the order states that this Court has "jurisdiction over appeals from all final orders of the district court" and notes that, while a dismissal without prejudice that closes a case without granting leave to refile is a final order, the denial of a motion for recusal is not immediately appealable. Order at 2. The order also states that Prive's motion

for recusal pertained to Prive's section 2255 proceeding because Prive had stated his intent to file a section 2255 motion and that Prive had an available remedy of appealing the order dismissing his section 2255 motion, "which would bring up all non-final orders, including the denial of the motion for disqualification." Order at 3.

After this Court's order was docketed in the district court, that court denied Prive's application to proceed *in forma pauperis*, stating that any appeal would not be taken in good faith because Prive had "failed to make a substantial showing of the deprivation of any constitutional right." Doc. 20. The district court, however, did not explicitly deny Prive a certificate of appealability ("COA").

This Court has not granted Prive a COA.

## Statement of the Facts

All facts necessary to resolve this appeal are contained in the Statement of the Case, above.

## Standard of Review

I & II.      This Court must examine its own jurisdiction sua sponte, and it considers jurisdictional questions de novo. *See United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). Ordinarily, when reviewing a final order in a proceeding under section 2255, this Court is limited to considering the issues

specified in the COA. *See* 28 U.S.C. § 2253(c)(3); *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998). Absent a COA, this Court lacks jurisdiction to consider the denial of relief. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *Jackson v. United States*, 875 F.3d 1089, 1091 (11th Cir. 2017).

## Summary of the Argument

I.    The district court's dismissal of Prive's section 2255 motion without prejudice is a final, appealable order in a section 2255 proceeding. Because neither this Court nor the district court has granted Prive a COA, this Court lacks jurisdiction to consider Prive's argument that the district court abused its discretion in dismissing his section 2255 motion for failing to comply with the local rules. Because reasonable jurists could not find debatable whether the district court possessed the discretion to dismiss Prive's 85-page motion without prejudice after affording Prive multiple opportunities to comply with the court's procedural rules, no COA should issue.

II.    This Court should dismiss Prive's challenges to the district court's denial of his motion for recusal. The district court lacked jurisdiction to consider Prive's motion for recusal because there was no pending proceeding when Prive filed the motion. Although this Court would have had the authority to examine the district court's exercise of jurisdiction in the criminal case if Prive had timely appealed from the district court's denial of the motion,

Prive did not timely appeal, and the United States objects to the untimely filing. Further, even if Prive's subsequent filing of a section 2255 motion could cure the jurisdictional defect in the already-filed motion to recuse and transplant it into the section 2255 case, this Court lacks jurisdiction because Prive lacks a COA to appeal that issue. And because, given the grounds Prive alleged, reasonable jurists would not find debatable whether the district court possessed the discretion to deny Prive's motion, no COA should issue.

## Argument and Citations of Authority

**I.    This Court lacks jurisdiction to consider Prive's challenges to the district court's dismissal of his section 2255 motion on procedural grounds because neither the district court nor this Court has granted Prive a certificate of appealability.**

Prive challenges the district court's dismissal of his section 2255 motion, contending that the court abused its discretion in striking his 85-page motion and requiring him to refile the motion on the court's pre-printed form with a memorandum that complied with the local rules. Although the district court's dismissal of Prive's section 2255 motion without prejudice is a final, appealable order, this Court lacks jurisdiction to consider this appeal because neither this Court nor the district court has granted Prive a certificate of appealability.

As this Court recognized in denying Prive's petition for mandamus, *see*

8

April 17, 2018, order in Appeal No. 18-10386-F, a dismissal without prejudice
that closes a case without granting the plaintiff leave to amend is a final,
appealable order, *see Samco Global Arms, Inc.*, 395 F.3d at 1213 n.2.
Accordingly, the district court's order dismissing Prive's 85-page section 2255
motion without prejudice is a final order. *Id.*

For a prisoner to appeal a "final order in a proceeding under section
2255," either the district court or this Court must issue a COA. *See* 28 U.S.C. §
2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If a pro se prisoner files
a notice of appeal, the district court must treat it as an application for a COA
and then either issue a COA or state why a COA should not issue. *Edwards v.
United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). The district court is
required to rule upon an application for a COA before this Court will consider
a request for a COA. *Id.* at 1084–85 (remanding for the district court to
consider the COA issue).

To obtain a COA, a movant must make "a substantial showing of the
denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When a district
court denies a section 2255 motion on a procedural ground, a COA should
issue only if the movant shows "that jurists of reason would find it debatable
whether the petition states a valid claim of the denial of a constitutional right
and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1265–66 (11th Cir. 2015). Neither the district court nor this Court has granted Prive a COA.

That the district court dismissed Prive's motion does not relieve him of the requirement of obtaining a COA. In *Jackson v. United States*, 875 F.3d 1089, 1091 (11th Cir. 2017), this Court held that when a district court dismisses a movant's court-authorized successive motion for failure to meet the statutory criteria under section 2255(h)(2), a COA is required for the movant to obtain further review because the dismissal is a final order under section 2253(c). This Court distinguished *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004), where it had held that a prisoner did not need a COA to obtain review of the dismissal of a *successive* habeas petition, because the district court in *Hubbard* had not possessed jurisdiction under section 2255 to reach the merits, while the district court in *Jackson* had possessed section 2255 jurisdiction over the case and it had exercised that jurisdiction. *Jackson*, 875 F.3d at 1091; *see also Hubbard*, 379 F.3d at 1247 (reasoning that dismissal of successive section 2255 motion was not a "final order in a habeas corpus proceeding" governed by section 2253, but was a final order dismissing petition for lack of subject matter jurisdiction, reviewable under 28 U.S.C. § 1291).

Similarly, in *Pagan v. United States*, 353 F.3d 1343, 1346 (11th Cir. 2003),

this Court held that a district court's order denying bond in a section 2255 proceeding is a final, appealable order under the collateral order doctrine and that, although the district court does not dispose of the merits of the section 2255 motion in the bond order, a COA, nonetheless, is a jurisdictional prerequisite to appeal its denial. This Court noted "that to hold otherwise would frustrate the principal function of the COA requirement, which is to serve as a threshold test to screen out frivolous appeals in post-conviction relief proceedings." *Id.* at 1346 n.6.

Because the district court had jurisdiction under section 2255 over Prive's case and dismissed it, and the order of dismissal is a final order in a section 2255 proceeding, Prive requires a COA to appeal. *See Jackson*, 875 F.3d at 1091; *Pagan*, 353 F.3d at 1346; *cf. Hubbard*, 379 F.3d at 1247; *see also Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (reviewing dismissal of overlong section 2255 motion for failure to comply with local procedural rules based on COA). Prive's case, however, does not merit one.

In denying Prive's application to proceed *in forma pauperis* based on a finding that any appeal would not be taken in good faith, the district court signaled that it would deny a COA because Prive had "failed to make a substantial showing of the deprivation of any constitutional right." Doc. 20. And, although the district court must first consider whether a COA should

11

issue before this Court decides the question, *Edwards*, 114 F.3d at 1084–85, neither the district court nor this Court should issue a COA because Prive has not made a substantial showing of either the denial of a constitutional right or an incorrect procedural ruling, let alone both of them. *See Slack*, 529 U.S. at 484; *Hamilton*, 793 F.3d at 1265–66.

Although pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers," *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they still are required to comply with the court's procedural rules, *see Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Because Prive's 85-page motion clearly violated M.D. Fla. R. 3.01(a) and the district court gave Prive multiple extensions of time in which to comply with the court's rules, reasonable jurists could not find debatable whether the district court possessed the discretion to dismiss Prive's motion without prejudice. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 635–36 (11th Cir. 2018); *Martinez*, 865 F.3d at 844.

II.   **The district court lacked jurisdiction to entertain Prive's motion for recusal because Prive lacked standing at the time he filed it, and this Court should dismiss Prive's untimely appeal from the district court's denial of the motion.**

Prive challenges the district court's denial of his motion for recusal, asserting that the court abused its discretion because the court's rulings in denying his motion to withdraw his guilty plea and its explanation for its judgment of a reasonable sentence demonstrated a pervasive bias against him. Prive's brief at 20, 23. For the reasons set forth below, this Court should not review his arguments.

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *See Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). To meet this requirement, a party must have standing. *Id.* at 471.

To have standing, a litigant "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and punctuation omitted). There must be a causal connection between the injury and the conduct complained of, and it must be likely, as opposed to merely speculative,

13

that the injury will be redressed by a favorable decision. *Id.* A court must evaluate a litigant's standing based on the facts as they exist when the litigant seeks to invoke the court's jurisdiction, not based on subsequent events. *Id.* at 571 n.4; *see also Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) ("the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed").

A convicted prisoner whose criminal case has been affirmed on appeal lacks standing to seek recusal of a district judge when there are no pending proceedings before the court. *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009); *Wilson v. United States*, No. 17-14544-B, 2018 WL 1740828, at *1 (11th Cir. Jan. 5, 2018) (unpublished); *United States v. Day*, 215 F. App'x 975, 976 (11th Cir. 2007); *cf. United States v. Patterson*, 292 F. App'x 835, 836 (11th Cir. 2008) (standing existed for recusal motion because prisoner simultaneously filed action in district court). A prisoner's intent to file a future motion for collateral relief is insufficient to create standing, if there is no pending action at the time the prisoner files the motion. *See Day*, 215 F. App'x at 976.

Here, Prive filed his motion to recuse in the criminal case on July 29, 2017, Cr. Doc. 127, when there was no pending proceeding before the district court. Because no proceeding existed at the time Prive filed the motion to

14

recuse, the district court lacked jurisdiction to consider that motion. *See Lujan*, 504 U.S. at 571 n.4; *Elso*, 571 F.3d at 1166.

Further, although this Court may review final decisions of the district court under 28 U.S.C. § 1291, *see Hubbard*, 379 F.3d at 1247, it should not review the court's denial of Prive's recusal motion. Prive filed his motion in the criminal case, Cr. Doc. 127, and he did not file his construed notice of appeal until January 21, 2018, which was long after the time for filing an appeal from the district court's September 26, 2017, denial of the motion on substantive grounds, Cr. Doc. 133; *see* Fed. R. App. P. 4(b)(1)(A)(i). The United States objects to the untimely appeal, and this Court, therefore, should dismiss that aspect of Prive's appeal. *See United States v. Lopez*, 562 F.3d 1309, 1311–14 (11th Cir. 2009).

This Court's order denying mandamus and construing the petition as a notice of appeal suggested, without significant analysis of the timing of the motions, that Prive's recusal motion "pertain[ed] to Prive's civil § 2255 proceeding" and that Prive could obtain review of its denial in an appeal of the section 2255 proceeding. *See* Appeal No. 18-10386, April 17, 2018, order at 3. This Court's preliminary order, however, did not undertake a substantive analysis of the standing issue, which is controlled by binding precedent, anyway. *See Scott v. United States*, 890 F.3d 1239, 1257 (11th Cir. 2018)

15

(holding that court is bound by prior precedent and also noting that discussion in dicta is not binding); *cf. McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1253 (11th Cir. 2004) (decision by motions panel is subject to being vacated by merits panel to which case is assigned for decision). Because the district court lacked jurisdiction to consider Prive's motion for recusal, this Court should not consider it further.

Even if Prive's filing of a section 2255 motion more than a week after he filed the recusal motion could cure the jurisdictional defect in the recusal motion, transplant it into the section 2255 case, and convert it into a civil filing, this Court still would lack jurisdiction to review the denial of the motion because Prive lacks a COA to appeal it. Nor should the district court or this Court grant Prive a COA.

A judge shall recuse himself if he is personally biased or prejudiced against a party or in favor of an adverse party, or whenever the judge's "impartiality might reasonably be questioned." 28 U.S.C. §§ 144, 455. The standard for recusal is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003); *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by

16

participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). "'Opinions held by judges as a result of what they learned in earlier proceedings' do not constitute bias or prejudice." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). Because it is "normal and proper" for a judge to sit in the same case upon remand and to sit in successive proceedings involving the same defendant, that a judge in an earlier proceeding viewed a defendant's conduct as warranting a harsh sentence and continues to view it in that manner is no basis for recusal. *Id.* This Court reviews a judge's decision not to recuse for an abuse of discretion. *Id.*

As the district court ruled, Cr. Doc. 133 at 2–5, Prive's complaints about the court's judicial rulings do not supply a legal basis for recusal, *see Amedeo*, 487 F.3d at 828. And, although Prive claims that the district court based its rulings on facts that the record does not support, *see, e.g.,* Prive's brief at 18–21, that claim is still a challenge to the court's rulings, which is not a basis for recusal.[2] Given the Supreme Court's and this Court's well-established precedent, reasonable jurists would not find debatable whether the district

---

[2] Among Prive's complaints about the district court's rulings is his claim that the judge "prejudged" his sentencing decision even though the judge had signed a plea agreement promising Prive a guidelines sentence. Prive's brief at 5, 15. The judge, though, was not a party to and did not sign the plea agreement, which, in any event, made no promise as to the sentence the court would impose. *See* Doc. 27 at 3.

court possessed the discretion to deny Prive's motion to recuse. Prive,

therefore, has not made a substantial showing of the denial of a constitutional

right with respect to the court's denial of his recusal motion. *See* 28 U.S.C. §

2253(c)(2).

## Conclusion

Because this Court lacks jurisdiction to consider Prive's appeal from the denial of the motion to recuse filed in Prive's criminal case, the United States requests that this Court dismiss Prive's appeal from the denial of that motion. The United States further requests that this Court remand Prive's appeal of the dismissal of his section 2255 motion to the district court for that court to address whether a COA should issue concerning the dismissal for Prive's failure to comply with the court's procedural rules. If the district court denies a COA, the United States further requests that this Court also deny a COA.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

By:    *s/ Roberta Josephina Bodnar*
ROBERTA JOSEPHINA BODNAR
Assistant United States Attorney
Appellate Division
Florida Bar No. 986909
35 S.E. 1st Ave., Ste. 3200
Ocala, FL 34471
(352) 547-3600
roberta.bodnar@usdoj.gov

19

## Certificate of Service

I certify that a copy of this brief and the notice of electronic filing was

sent by United States mail on November 27, 2018, to:

JONATHAN PRIVE
Brevard County Jail
860 Camp Road
Cocoa, FL 32927

*movant-appellant, pro se*

*s/ Roberta Josephina Bodnar*
ROBERTA JOSEPHINA BODNAR
Assistant United States Attorney

gkpr/yes/11/15/18

b_Prive, Jonathan U.S. brief FINAL rjb.docx