IN THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

No. 18-11693-EE

JONATHAN TYLER PRIVE,

Movant - Appellant,

vs.

UNITED STATES OF AMERICA,

Respondent - Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Numbers 6:14-CR-33-ORL-28KRS & 6:17-CV-1498-ORL-28KRS

APPELLANT'S REPLY BRIEF

Jonathan T. Prive
pro se Appellant
#337795
Brevard County Jail
860 Camp Road
Cocoa, FL 32927

Prive v. United States

No. 18-11693-EE

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following persons are known to the Appellant to have an interest in the outcome of this case:

1. Antoon, Hon. John, II, United States District Court Judge;
2. Bodnar, Roberta Josephina, Assistant United States Attorney;
3. Lopez, Maria Chapa, United States Attorney;
4. Miranda, Ilianys Rivera, Assistant United States Attorney;
5. Prive, Jonathan T., pro se Appellant;
6. Rhodes, David P., Assistant U.S. Attorney, Chief, Appellate Division;
7. Spaulding, Hon. Karla R., United States Magistrate Judge.

No publicly traded company or corporation is known to have an interest in the outcome of this appeal.

Prive v. United States

No. 18-11693—EE

## STATEMENT REGARDING ORAL ARGUMENTS

In the event that the judges decide that oral arguments would be beneficial to the Court, Prive wishes to participate, by telephone or at a time and place of the Court's choosing. To ensure Prive's appearance at the appropriate time, an order by the Court directed to the Sheriff of Brevard County, Florida, Wayne Ivey, and any of his duly appointed deputies exercising custody and control of Prive at the Brevard County Detention Center, will be required.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement — C-1

Statement Regarding Oral Arguments — i

Table of Contents — ii

Table of Citations — iii

Statement of Jurisdiction — IV

Statement of the Issues — 1

Statement of the Case — 1

Procedural History — 2

Summary of the Arguments — 6

Argument and Citation of Authority — 8

   I.  Prive does not require a certificate of appealability to proceed in this appeal from the district court's striking of his §2255 motion and the dismissal of his civil case without prejudice because it was not a "final order" within the meaning of 28 U.S.C. §2253. — 8

   II.  Prive had standing to file his §144 motion to disqualify, and because of this Court's order finding that the motion was a part of Prive's civil case the appeal from the district court's denial of the motion was timely, giving this Court jurisdiction. — 10

Conclusion — 14

## TABLE OF CITATIONS

- Alabama—Tombigbee Rivers Coalition v. Norton, 338 F.3d 1244 (11th Cir. 2003)    11
- Anders v. California, 386 U.S. 738 (1967)    2
- Harbison v. Bell, 556 U.S. 180, 129 S.Ct. 1481 (2009)    8, 9, 10
- Hubbard v. Campbell, 379 F.3d 1245 (11th Cir. 2004)    8, 9, 10
- Jackson v. United States, 875 F.3d 1089 (11th Cir. 2017)    8, 9, 10
- Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147 (1994)    14
- United States v. Day, 215 Fed. Appx. 975 (11th Cir. 2007)    11
- United States v. Prive, 653 Fed. Appx. 896 (11th Cir. 2016)    2


STATUTES:
- Art. 3, §2, U.S. Const.    7, 10, 11
- 18 U.S.C. §2422(b)    2
- 28 U.S.C. §144    passim
- 28 U.S.C. §1291    passim
- 28 U.S.C. §2244    8, 11, 12
- 28 U.S.C. §2253    passim
- 28 U.S.C. §2255    passim

RULES:
- Fed.R.App.P. 4(b)(1)(A)(i)    12, 13
- Fed.R.App.P. 4(a)(1)(B)    V, 5, 6, 7, 13
- Fed.R.App.P. 24(a)(5)    6
- Fed.R.Crim.P. 12(b)(3)(B)    1
- M.D. Fla. R. 3.01(a)    3, 4

## STATEMENT OF JURISDICTION

This is an appeal from a final order by the United States District Court for the Middle District of Florida, dismissing Jonathan Tyler Prive's 28 U.S.C. §2255 case without prejudice (Docs. 15, 16[1]) after striking the motion and ordering it removed from the record without having reached the merits. (Doc. 5). The district court entered its order on January 3, 2018, directing the Clerk to close the civil case "and to enter a judgment dismissing this case without prejudice," (Doc. 15, at 2), but did not order the motion under §2255 be denied. On January 4, 2018, the Clerk entered a judgment (Doc. 16) which erroneously stated that "pursuant to the Court's Order entered January 3, 2018, the Petitioner's motion to vacate, set aside or correct sentence is hereby denied. This case is DISMISSED without prejudice" (Doc. 16)(emphasis in original). This 'denial' of the 2255 motion was a product of an over-zealous clerk, not an order by the Court.

Prive then filed a pro se petition for mandamus in this Court, dated January 21, 2018. See Appeal No. 18-10386-F. This court denied the accompanying motion to proceed in forma pauperis (IFP) because Prive had the available remedy of appealing the dismissal of his case, and directed the district court to docket it instead as a timely notice of appeal from the civil case. See April 17, 2018 order in Appeal No. 18-10386-F. Because the district court never reached the merits of the §2255 motion and dismissed the case after striking the original motion from the record (Doc. 5), the dismissal of Prive's civil case was not "a final order in a habeas corpus proceeding" within the meaning of 28 U.S.C. §2253(c). See Jackson v. United States, 875 F.3d 1089, 1090-1092. The district court therefore did not address whether a certificate of appealability (COA) should issue, and this Court has jurisdiction under 28 U.S.C. §1291.

As a part of his §2255 case, Prive also filed a motion pursuant to 28 U.S.C. §144, seeking to have

---

[1] Filings docketed under the criminal case, No. 6:14-cr-33-Orl-28KRS, are cited as "Cr. Doc. [document number]." Filings docketed under civil case 6:17-cv-1498-Orl-28KRS are cited as "Doc. [document number]."

District Court judge John Antoon removed from the case, stating that he was going to file a §2255 motion which accused Antoon of biased rulings and abuse of discretion during the district court proceedings, and that he feared that if Antoon presided over that proceeding his motion would not receive fair treatment. Prive had standing to file this motion because he alleged a concrete and imminent harm — that Antoon would not treat his §2255 motion fairly because it contained personal accusations — established a fairly traceable connection between the injury and the other party, and established the liklihood that the requested relief — Antoon's removal — would redress the injury. Following the statutory command contained in §144, Prive filed the motion to recuse on July 29, 2017, which was "not less than ten days before the beginning of the term at which the proceeding is to be heard," (28 U.S.C. §144), and thereafter mailed the specified §2255 motion (Cr. Doc. 129) to the court on August 10, 2017, twelve days after filing, in accordance with §144.

The district court denied the motion on procedural grounds on August 24, 2017, after Prive had filed the §2255 motion. Prive timely moved for reconsideration on August 31, 2017 (Cr. Doc. 132). See Fed. R. App. P. 4(a)(1)(B)(i). The district court granted reconsideration and denied Prives motion on September 26, 2017 (Cr. Doc. 133). On October 14, 2017, Prive again moved for reconsideration (Cr. Doc. 134), and the district court denied that motion on December 4, 2017. (Cr. Doc. 136).

When this Court denied Prive's motion to proceed IFP on his petition for mandamus, the Court also directed that it be treated as a timely notice of appeal from the denial of the motion to recuse. See April 17, 2018 order in Appeal No. 18-10386-F. The construed notice of appeal to the district court's denial of the motion for reconsideration, filed on January 21, 2018, was a timely notice of appeal from the December 4, 2017, order (Cr. Doc. 136). See Fed. R. App. P. 4(a)(1)(B)(i). This Court now has jurisdiction under 28 U.S.C. §1291.

## STATEMENT OF THE ISSUES

1. Whether Prive requires a certificate of appealability to challenge the district court's striking of his §2255 motion, its removal from the record, and the district court's imposition of unconstitutional restrictions on amended filings, when the district court never reached the merits of the proceeding, and when determining the propriety of issuing a COA based on an assessment of the constitutional claims is no longer possible.

2. Whether Prive had standing to file his motion to recuse under 28 U.S.C. §144 prior to the filing of the §2255 motion, and whether, in light of this Court's order of April 17, 2018, Prive's appeal from the denial of the §144 motion was timely, and if the Court requires a COA to hear that appeal.

## STATEMENT OF THE CASE

After this Court affirmed his conviction and sentence for attempted enticement of a minor, Prive drafted a motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 which alleged, inter alia, that the United States District Judge John Antoon had made biased rulings against him at an evidentiary hearing on a motion to withdraw plea, and in denying Prive's pro se motion to vacate (Cr. Doc. 90) under Fed.R.Crim.P. 12(b)(3)(B). Before filing the §2255 motion, Prive filed a motion to recuse Judge Antoon under 28 U.S.C. §144, on the grounds that he intended to file a §2255 motion which accused Antoon of biased rulings and abusing his discretion, and stating he feared the motion would not receive fair treatment from Antoon. In accordance with the statutory command in §144, Prive filed the motion not less than ten days before his §2255 motion would be heard by Judge Antoon. Twelve days later, Prive mailed in his 85 page §2255 motion and a separate 22 page memorandum. The district court then denied the motion to recuse, and ordered the §2255 motion stricken for violating a Local Rule of form, directing the Clerk to remove it from the record and ordering Prive to file an Amended Motion to Vacate in a manner that conflicted with the Federal Rules and denied Due Process. When Prive did not file an Amended Motion to Vacate as ordered by the court, his civil case

was dismissed without prejudice for failure to comply with the order. Price now challenges the district court's denial of the recusal motion, the striking of the §2255 motion, and the dismissal of his civil case for failure to comply with the district court's unlawful order, pursuant to 28 U.S.C. §1291. The United States submitted a brief in opposition to Price's appeal, raising objections of jurisdiction and timeliness, and Price submits this Reply Brief in response to the new issues raised by the United States.

## PROCEDURAL HISTORY

In 2014, Price pled guilty to one count of attempted enticement of a minor, in violation of 18 U.S.C. §2422(b). (Cr. Docs. 27, 28). On April 27, 2015, the district court sentenced Price to serve 365 months imprisonment, followed by lifetime probation. (Cr. Doc. 98). Price timely appealed, but then his counsel moved to withdraw from further representation pursuant to a brief under Anders v. California, 386 U.S. 738 (1967). See United States v. Price, 653 Fed. Appx. 896 (11th Cir. 2016). This court affirmed the conviction and sentence on May 24, 2016. Price timely moved for rehearing en banc, and the petition was denied on August 10, 2016.

On July 29, 2017, twelve days before filing his §2255 motion, Price filed a motion to recuse the United States District Judge, John Antoon, in accordance with 28 U.S.C. §144. (Cr. Doc. 127). Price stated that he intended to file a §2255 motion which accused Judge Antoon of biased rulings and abusing his discretion, and feared Antoon would not treat the motion fairly if he were allowed to preside over the cases. On August 10, 2017, Price filed the intended §2255 motion, which was 85 pages long and contained nineteen grounds for relief, as well as a 22 page memorandum. (Cr. Doc. 129, Doc. 1)(memorandum Doc. 2).

On August 24, 2017, the district court denied the motion to recuse (Cr. Doc. 127), finding that Price had not complied with the statutory requirements of §144 because he had failed to file an affidavit and a certificate stating that the motion was made in good faith. (Cr. Doc. 130). On August 31, 2017, Price filed a motion for rehearing, in which he

he asserted that the district court had committed plain error, as his motion did in fact contain a certificate of good faith, and requested that the court vacate its prior order and grant the motion. (Cr. Doc. 132). The district court found that Prive's statements and his certificate of good faith were sufficient to satisfy the procedural requirements of §144 (Cr. Doc. 133). The court then ignored several of Prive's grounds for recusal, reduced clear allegations of disparate rulings to mere 'dissatisfaction' with the rulings, and held that because Prive's grounds for recusal were not extrajudicial in nature they could not be used to form a basis for recusal. Without further analysis on pervasive bias, the court denied the motion on September 26, 2017 (Cr. Doc. 133). Prive moved for reconsideration to address the grounds which had been ignored, and to analyze the grounds presented under the pervasive bias standard (Cr. Doc. 134), and the district court denied the motion to reconsider on December 4, 2017. (Cr. Doc. 136).

During this time, on September 27, 2017, the district court struck Prive's §2255 filing, finding it "greatly exceed[ed] twenty-five pages in length and violates[] Local Rule 3.01(a)," and directing Prive to file an Amended Motion to Vacate within 14 days. Contrary to the United States' characterization of the order, Antoon's order (Doc. 5) did far more than restrict Prive to a filing that did not exceed 25 pages in length and use the court's form. The order specified that the "Petitioner shall file an Amended Motion to Vacate on the appropriate Motion to Vacate, Set Aside, or Correct Sentence form, which shall not exceed twenty-five (25) pages in length." (Doc. 5, at 1). The order thus restricted Prive to using only the form provided, said form, not the motion as a whole, to be less than 25 pages in length. (emphasis in quotation added). Antoon's order further specified that "[a]s to each claim, Petitioner must set forth on the form itself a brief and concise description of the claim with supporting facts... The failure to fully comply with this Order will result in the dismissal of this action without further notice." (Doc. 5, at 1)(emphasis in sentence two in original).

It is this particular restriction, not only the limitation to filing a 25 page motion, as the United States attempts to suggest, which formed the core of Prive's continuing impediment to filing an Amended Motion to Vacate.

Prive moved for an extension of time to file, due to inadequate time and materials necessary to comply with the order, or in the alternative, for the court to waive the 25 page restriction of Local Rule 3.01(a) and reinstate the §2255 motion. (Doc. 6). The court granted the motion to extend the deadline for filing to November 10, 2017. (Doc. 7).

Prive then filed his "Motion to Vacate Order and Permit Filing" (Doc. 8), requesting the court reinstate his §2255 motion. The United States misstates the issue in their Brief, claiming Prive argued "that he had 19 separate grounds for section 2255 relief, and contending that he could not state them in a filing of 25 pages." (Brief of the United States, page 4). In reality, Prive's motion focuses on the impossibility of filing all his available grounds for relief "on the form itself," as required by the Order (Docs. 5, at 1, pg 2), and that the court had no authority to strike the motion and impose its additional restrictions. The district court denied the motion (Doc. 9).

Prive then filed a "Petition for Rehearing," which argued that the court's Order limited him to only four grounds for relief, in direct conflict with cited law, and that the court's denial of the Motion to Vacate Order (Doc. 8) was an abuse of discretion and clear error. The court denied the Motion (Doc. 10) and sua sponte issued another extension of time to file an Amended Motion to Vacate, until December 27, 2017. (Doc. 14, at 2).

Having exhausted his local options, but with the case still active, Prive began drafting a petition for a writ of mandamus to this Court. On January 3, 2018, the court entered an order dismissing the case without prejudice because Prive had refused to comply with the court's order. (Doc. 15). The order directed the Clerk "to close this case and to enter judgment dismissing this case without prejudice." (Doc. 15, at 2). The judge did not enter a judgment denying the §2255 motion, or directing the Clerk to do so. On January 4, 2018, the Clerk entered the judgment (Doc. 16), stating without any

4

authority to do so: "IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order entered January 3, 2018, the Petitioner's motion to vacate, set aside or correct sentence is hereby denied. This case is DISMISSED without prejudice." (Doc. 16). This judgment was issued and signed by the Clerk, not a judge, and the portion denying the §2255 motion was not a lawful judgment by the court.

On January 29, 2018, Prive filed a petition for a writ of mandamus in this court, citing both the criminal and civil cases. (Doc. 17; See also, Appeal No. 18-10386-E). This Court concluded that Prive was seeking the review of the district court's orders in his §2255 action, denying Prive's motion to proceed in forma pauperis and construing the petition as a notice of appeal. See Appeal 18-10386-E, order of April 17, 2018, page 3. The order directed the district court to docket it as a notice of appeal "from the January 3, 2018 order dismissing Prive's §2255 case ... and from the August 24, 2017 order denying Prive's 'Motion to Disqualify Judge'" in the criminal case. See Appeal No. 18-10386-E, order of April 17, 2018. As part of that order, the Court found that, even though Prive's motion for disqualification was docketed on his criminal case, the motion "pertains to Prive's civil §2255 proceeding," and that the motion for disqualification is a non-final order in that proceeding. Because Prive filed his mandamus petition within 60 days of the order dismissing his §2255 proceeding, the petition was construed as a notice of appeal which was timely under Fed. R. App. P. 4(a)(1)(B), and appealing the order dismissing his §2255 proceeding "would bring up all non-final orders, including the denial of the motion for disqualification." (Order of April 17, 2018, page 3).

After the Court's order was docketed in the district court, that court denied Prive's application to proceed in forma pauperis, stating that any appeal would not be taken in good faith because Prive had "failed to make a substantial showing of the deprivation of any constitutional right." (Doc. 20). The district court did not ever address the propriety of issuing a certificate of appealability, and this case proceeded in the manner of a proceeding under 28 U.S.C. §1291. Prive then moved for permission to proceed IFP

5

directly to this Court under. Fed. R. App. P. 24(a)(5). The motion was granted on August 23, 2018, "because the appeal is not frivolous," (See Appeal No. 18-11693-EE, order of August 23, 2018), and the Clerk sent Prive a copy of the order along with a "MEMORANDUM TO COUNSEL OR PARTIES", which instructed Prive to file his Appellant's Brief on or before October 2, 2018. A 14 day extension of time to file was obtained, and Prive filed his Brief on October 11, 2018.

On November 27, 2018, the United States filed a brief in this case where they raised for the first time the argument that the district court lacked jurisdiction to consider Prive's motion to recuse and that the order denying the motion was not timely appealed from, even though this court has already stated that it is a non-final order under Prive's civil case (Appeal No. 18-10386-F, order of April 17, 2018), and thus timely under Fed. R. App. P. 4(a)(1)(B). Also raised by the United States is a challenge to this Court's jurisdiction to consider Prive's argument that the district court abused its discretion in striking the §2255 motion, removing it from the record, and dismissing the civil case after Prive did not file an Amended Motion to Vacate in compliance with the court's order. The United States argues that Prive must obtain a COA in order to appeal from the dismissal of the §2255 case, and that no COA should issue because "reasonable jurists could not find debatable whether the district court possessed the discretion to dismiss Prive's 85-page motion without prejudice." (Brief of United States, page 7). Prive now responds in this Reply Brief.


## SUMMARY OF THE ARGUMENT

I.    The district court's order dismissing Prive's civil case for failure to comply with the court's order on filing an Amended Motion to Vacate, without prejudice, is a final order of the district court, appealable under 28 U.S.C. §1291. This court has jurisdiction to hear the appeal without a COA because the dismissal of the §2255 case is not a "final order" within the meaning of 28 U.S.C. §2253. The district court never reached the merits of the §2255 motion before ordering it stricken and removed

from the record, and the order dismissing Prive's civil case without prejudice did not dispose of the merits of the proceeding. Striking Prive's §2255 motion and having it removed from the record without reaching the merits, then requiring him to obtain a COA in order to appeal the action, would frustrate the very purpose of §2253, which is to test the petition on its merits, in order to determine if the petition states a valid claim of the denial of a constitutional right. Jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and they would also find it debatable whether the district court was correct in its procedural ruling, since Judge Antoon lacked authority to impose filing restrictions beyond those in the Local Rules, and a COA should issue in such a case, if one is needed.

**II.** The United States waived any objection regarding Prive's Article III standing on the recusal issue when they failed to raise the objection in the district court proceedings, but even if they had not, Prive had standing to file his §144 motion and have it considered because he satisfied the case or controversy requirement of Article III. This court may consider the issue because the Court's order of April 17, 2018, found that Prive's motion to disqualify was part of Prive's civil case, reviewable as a non-final order in an appeal. The United States does not argue that this was an improper finding by the Court. They have thus waived any objection to that determination. The appeal was timely made under Rule 4(a), which governs civil cases, and their timeliness argument is without merit. Prive also does not require a COA to proceed with this appeal under §1291, but even if he did, jurists of reason could find it debatable that the petition stated a valid claim of the denial of a constitutional right, and they would find it debatable whether the district court's rulings on the recusal issue were wrong because they were made in opposition to Supreme Court rulings and the district court refused to rule on the entirety of Prive's motion. A COA should issue in such a case if one is needed.

## ARGUMENT AND CITATIONS OF AUTHORITY

I.   As this Court has stated, "[t]he courts of appeals have jurisdiction over appeals from all final orders of the district courts. 28 U.S.C. §1291. A dismissal without prejudice that closes a case without granting the plaintiff leave to refile amend or refile is a final order." Order of April 17, 2018, in Appeal No. 18-10386-F ("April Order"). "Accordingly, because the district court dismissed Prive's §2255 motion without prejudice," id., at 2, Prive may appeal that order. The United States argues that Prive may not appeal to this court without first obtaining a certificate of appealability ("COA"), (See Brief of the United States ("Govt's Brief"), page 7, et seq.), pursuant to 28 U.S.C. §2253(c). The United States says that Prive's civil case being dismissed is "a final order in a proceeding under section 2255," and that "Prive requires a COA to appeal." (Govt's Brief, pg 11).

Recent precedent from this court in *Jackson v. United States*, 875 F.3d 1089 (2017), confirms that 28 U.S.C. §2253(c) "bars appeals from "final order[s]" in §2255 proceedings "[u]nless a circuit justice or judge issues a certificate of appealability"." *Jackson, id.*, at 1090. The court held that, where no COA has been issued, the court lacks jurisdiction to entertain an appeal *if* "the order issued by the District Court is a "final order" within the meaning of the statute." *Ibid.* Not all orders dismissing a case involving a §2255 motion are "final orders" for the purpose of §2253(c). In *Hubbard v. Campbell*, 379 F.3d 1245, this Court decided that dismissing a habeus corpus proceeding was not "a final order in a habeus corpus proceeding" within the meaning of the statute, after the district court dismissed the petition without prejudice because it lacked subject matter jurisdiction. The court in *Hubbard* never reached the merits of Hubbard's petition, but instead dismissed the petition on procedural grounds before reaching the merits because Hubbard had never obtaining leave to file under 28 U.S.C. §2244(b)(3)(A), and this Court assumed jurisdiction to review the order pursuant to 28 U.S.C. §1291. See *Hubbard,* at 1247.

In *Jackson*, this Court explained that "[t]he key inquiry into whether an order is "final" for §2253 purposes is whether it is an order "that dispose[s] of the merits of a habeus corpus proceeding"." *Jackson*, 875 F.3d at 1290. (quoting *Harbison v. Bell*, 556 U.S. 180, 183, 129 S.Ct.

8

1481, 1485 (2009)). In discussing *Hubbard*, the *Jackson* court said that it had "determined that the Northern District's dismissal without prejudice was not a "final order in a habeas corpus proceeding" under §2253." At 1091. The *Jackson* court stated that "because the key inquiry is whether the order disposed of the merits of the proceeding, and the Northern District properly dismissed the case when it had no jurisdiction to reach the merits, *Hubbard* was correctly decided." *Ibid.* (emphasis in original).

This Court distinguished *Hubbard* from *Jackson's* case because it found that the district court had performed a de novo review of the merits of *Jackson's* constitutional claim, found it without merit, and then dismissed the claim with prejudice. *Ibid.* The Court said: "A district court dismissing a petition without prejudice... is not the same as a district court dismissing a petition *with* prejudice on the merits. This distinction is critical here." *Ibid.* (emphasis in original).

In *Prive's* case, the district court struck his §2255 motion and removed it from the record without ever exercising its jurisdiction and reviewing the petition on the merits. The court never made any attempt to reach the merits of the §2255 proceeding before entering its order, and when *Prive* did not comply with the order and submit an Amended Motion to Vacate because he did not wish to surrender his right to be heard on all his available grounds for relief, the district court entered its order dismissing the civil case without prejudice. (Doc. 15). The court ordered the Clerk to "close this case and to enter judgment dismissing this case without prejudice." (Doc. 15, at 2), but made no rulings on the merits of the case. The only suggestion that there was ever a ruling on the §2255 motion came, not from the court, but from an error by the Clerk. In the judgment entered by the Clerk (Doc. 16), the Clerk said: "IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order entered January 3, 2018, the Petitioner's motion to vacate, set aside, or correct sentence, is hereby denied. This case is DISMISSED without prejudice." (Doc. 16). The "Court's Order" (Doc. 15), however, never ordered the motion denied. This was added by the Clerk.

9

These facts make it clear that the order appealed from in this case is not an order "that disposes[s] of the merits of a habeus corpus proceeding", *Harbison*, 556 U.S., at 183, 129 S.Ct., at 1485; *Jackson*, 875 F.3d, at 1090. It is thus not a "final order" for the purposes of §2253, and Prive may seek relief from this Court under 28 U.S.C.§1291.

To hold that Prive must obtain a COA to appeal the striking of his motion from the record, when the district court never reached the merits, would frustrate the purpose of §2253, which is to determine whether the petition states a valid claim of the denial of a constitutional right. Further complicating matters in Prive's case is the fact that the district court also had the §2255 motion completely removed from the record prior to reaching the merits. This would result in an absurd Catch-22 where, if Prive wants to appeal the striking of his motion under §2253, he needs a COA; but in order to receive a COA, the court must examine the constitutional claims to satisfy §2253, and there is no motion to examine because of the challenged striking.

Under the reasoning in *Jackson* and *Hubbard*, the district court's dismissal of Prive's civil case is not a "final order" in the context of §2253, and §2253(c) has no application here. This court has jurisdiction to proceed and hear this appeal under §1291, but even if Prive *did* require a COA, jurists of reason would find it debatable whether Prive's §2255 motion states a valid claim of the denial of a constitutional right, and would find it debatable whether the district court's procedural ruling was correct, since it lacked any authority to restrict Prive to filing only what would fit on the court's pre-printed §2255 form, even if it could legitimately restrict him to a 25-page filing. A COA would thus be appropriately issued in Prive's case. The United States does not say Prive could not make this showing, only that it is not debatable that the court "possessed the discretion to dismiss Prive's motion without prejudice." (Govt's Brief, pg 12).

**II.** The United States raises, for the first time in this appeal, an objection to Prive's standing under Article III of the Constitution, which limits the judicial power of the

United States to the resolution of 'cases' and 'controversies'. See Alabama—Tombigbee Rivers Coalition v. Norton, 338 F.3d 1244, 1252 (11th Cir. 2003). The United States had ample opportunity to object to Prive's alleged lack of standing during the lengthy district court proceedings involving Prive's motion to recuse, but it failed to do so until raising the issue for the first time in its brief in this appeal. Prive therefore believes that the United States waived this objection to standing, and he objects to it being raised here, at this late date. He asks this Court to disregard this portion of their argument.

Prive maintains that he did have standing under Article III to file his motion to recuse under 28 U.S.C. §144. Steel Co. v. Citizens for a Better Environment, 553 U.S. 83, 102-04, 118 S.Ct. 1003, 1016-17 (1998) states: "The irreducable constitutional minimum of standing contains three requirements. First and foremost, there must be alleged (and ultimately proved) an injury in fact — a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation — a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability — a likelihood that the requested relief will redress the alleged injury." There is no doubt a proceeding under §144 satisfies the case or controversies requirement of Article III. Instead, the United States says that Prive lacked standing to file his motion prior to the §2255 motion being filed.

Prive filed his motion to recuse under 28 U.S.C. §144. §144 contains a specific statutory command that the affidavit, in order to be timely filed, "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be (no) shown for failure to file it within such time." 28 U.S.C. §144. A motion under 28 U.S.C. §2255 can be heard at any time after the filing of that motion, therefore Prive filed the §144 motion 12 days before the proceedings were to be heard by Judge Antoon.

Unlike the cases cited by the United States, most of which involved defendants who tried to recuse a district court judge based on hypothetical motions that they might, or might not file (see United States v. Day, 215 Fed.Appx. 975, at 1 (11th Cir. 2007)), Prive specifically

stated that he had a concrete intention to file a specific §2255 motion which accused Judge Antoon of biased rulings in the district court proceedings and abuse of discretion, and that he feared that motion would not be treated fairly if Judge Antoon were allowed to conduct that proceeding. Prive then sent this particular §2255 motion to the court 12 days later, thereby obeying the statutory command in §144 that the affidavit for recusal be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard."

Prive alleged a concrete and imminent harm — that Antoon would not treat the §2255 motion fairly because it contained accusations of bias by him personally — established a fairly traceable connection between the injury and Judge Antoon — that Antoon, as the district court judge who sentenced Prive, was expected to hear the §2255 motion — and established the likelihood that the requested relief — Antoon's recusal — would redress the injury. Prive thus established standing, and the filing of the §144 motion prior to the submission of the particular §2255 motion referred to in the motion to recuse, in accordance with §144's timeliness requirement, did not deny the district court jurisdiction to hear the motion to recuse.

The United States also contends that Prive's appeal to this Court from the denial of the motion to recuse is time-barred under Fed.R.App.P.4(b)(1)(A)(i), and that this court should not review the district court's denial of the motion. This court, however, has already entered an order in Appeal No. 18-10386-F, dated April 17, 2018 ("April Order"), which held that "[a]lthough Prive's motion for disqualification was entered on his criminal docket, he specifically noted when he filed that motion that he intended to file a §2255 motion and that he was concerned that he would not receive fair treatment if Judge Antoon presided over the case. Thus, the motion for disqualification pertains to Prive's civil §2255 proceeding. Accordingly, because the district court dismissed Prive's §2255 motion without prejudice, Prive has the adequate alternative remedy of appealing that order, which would bring up all non-

final orders, including the denial of the motion for disqualification... [B]ecause Prive seeks appellate review of the district court's January 3, 2018, order dismissing his §2255 motion without prejudice and its non-final orders in that proceeding, and he filed his mandamus petition within 60 days of the order dismissing his §2255 proceeding, Prive's mandamus petition will be construed as a Notice of Appeal." April Order, at 3. (citing cases and Fed. R. App. P. 4(a)(1)(B).

Because the court's order recognized the §144 motion as a part of the civil case, the issue of timeliness on appeal is governed by Fed. R. App. P. 4(a)(1)(B), and Prive's appeal from the order denying his motion to recuse, which was issued on December 4, 2017, was timely made. The construed notice of appeal was filed on January 27, 2018, well within the 60 day period prescribed by Rule 4(a)(1)(B). Because of the Court's finding in its April Order, at 3, the United States cannot assert that Prive's motion is untimely under the criminal provisions of Rule 4(b)(1)(A)(i), and their argument is without merit. They also do not raise any objection to the Court's right to find that the §144 motion is a part of Prive's civil case, they only state that the Court did so without undertaking a more in-dept analysis of the issue of standing, which they did not raise at the time the April Order was issued. The Court could well have decided Prive had standing, just as the district court allowed the motion, and the Court's findings should not be disturbed now, when the issue is raised for the first time during an appeal.

Because the United States does not object to the finding that the §144 motion is part of the civil case, they have thus waived the right to object to that determination and allege that the appeal was not timely under Rule 4(b)(1)(A)(i).

The United States also argues that Prive cannot appeal the denial of the motion to recuse, even if timely as part of the civil proceedings, because he has not obtained a COA. As argued previously, the denial of the motion to recuse is a part of the civil proceeding, and because the order dismissing Prive's civil case without prejudice was not a "final order" within the meaning of 28 U.S.C. §2253, and a COA is not required for

13

this Court to hear Prive's appeal. This Court may proceed under 28 U.S.C. §1291 without first requiring a COA be issued.

Even in the event a COA were required, jurists of reason would find it debatable whether the §2255 motion states a valid claim of the denial of a constitutional right, and they would find it debatable whether the district court's rulings on the motion to recuse were correct, as the court refused to hear the motion and rule on it in its entirety, or to apply the 'pervasive bias' test articulated by the Supreme Court in cases like Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147 (1994). A COA would thus be appropriate, were one needed in this case.

## CONCLUSION

Because 28 U.S.C. §2253(c) is inapplicable in this case, and as the Court has jurisdiction over the issues under 28 U.S.C. §1291, Prive requests that this appeal be allowed to proceed without requiring the issuance of a COA, and thereafter grant him the relief requested in his "Appellant's Initial Brief." If, however, this Court decides remand to the district court for that court to address whether a COA should issue is appropriate, as the United States requests, Prive asks that as part of that remand order this Court allow him to submit a copy of his original §2255 motion for the limited purpose of supplementing the defective record caused by Antoon's order removing it from the record, so that the district court can properly consider the issue with a complete record.

Respectfully submitted,

Jonathan Prive

#337745

Brevard County Jail

860 Camp Road

Cocoa, FL 32927

## SWORN STATEMENT

I, Jonathan Prive, do hereby swear under penalty of perjury that the facts and statements contained in the foregoing APPELLANT'S REPLY BRIEF are true and correct to the best of my knowledge and understanding.

Executed on this, the 11th day of December, 2018.

Signed: _J. P._    Date: 12/11/2018

Jonathan T. Prive.

CERTIFICATE OF SERVICE

I, Jonathan Prive, do hereby certify that a true and correct copy of the foregoing APPELLANT'S REPLY BRIEF and accompanying SWORN STATEMENT have been placed in the Brevard County Jail's internal mailing system on this, the 14th day of December, 2018, to be sent by U.S. Mail to the following parties:

1.) Office of the Clerk
    U.S. Court of Appeals for the Eleventh Circuit
    56 Forsyth Street, N.W.
    Atlanta, GA 30303

and:
2.) Roberta Josephina Bodnar
    Assistant United States Attorney
    35 S.E. 1st Avenue
    Suite 3200
    Ocala, FL 34471

Signed: _____
        Jonathan T. Prive
        pro se Appellant